Mikeal A. MAGLIERI, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commission-
er of Social Security Administra-
tion, Defendant—Appellee.

No. 02–56518.
D.C. No. CV–01–02991–AJW.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 13, 2003.

Tom M. Siegel, Law Offices of Tom M.
Siegel, Los Angeles, CA, for Plaintiff–Ap-
pellant.

John C. Cusker, Asst. Reg. Csl., SSA–
social Security Administration, Office of
the General Counsel, San Francisco, CA,
for Defendant–Appellee.

Before PREGERSON, FERNANDEZ,
and BERZON, Circuit Judges.

MEMORANDUM **

Because the parties are familiar with the
facts and procedural history, we will not
recount them here.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

ALJ Franks concluded that appellant ("Maglieri") was not disabled under the Social Security Act and denied Maglieri disability insurance benefits because he failed to rebut the presumption that his earnings constituted "substantial, gainful activity." *See* 20 C.F.R. § 404.1574(b)(2)(i). The district court agreed. Maglieri appeals on two grounds: (1) whether the ALJ's findings were supported by substantial evidence; and (2) whether the ALJ made adequate credibility findings regarding Maglieri's testimony and evidence offered by Maglieri's father. We have jurisdiction pursuant to 28 U.S.C. § 1291.

A district court's affirmance of an ALJ's decision is reviewed de novo. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). A reviewing court must affirm the Commissioner's decision unless the ALJ's findings are unsupported by substantial evidence or based on legal error. *Id.*

■ ALJ Franks' decision stated that Maglieri's explanation for his earned income—that he did not work and was only paid to maintain coverage under the group insurance carried by his father's businesses—amounted to an admission of fraud against an insurance provider. Maglieri's duplicitous role in the admitted insurance fraud led ALJ Franks to conclude that Maglieri was not generally credible. Further, ALJ Franks found that Maglieri's allegations and testimony were inconsistent and contradictory. For example, the argument that Maglieri was only maintained as an employee to retain health benefits would be more plausible if he received only a token amount of income, instead of receiving substantial, differing, and often increasing amounts. ALJ Franks' decision is also supported by the fact that Maglieri earned $22,792 in self-employment income after his alleged disability on-set date, by his orthopedic sur-

geon's statement in a progress report that Maglieri was "back working full time," and by Maglieri's past experience as a business advisor—the same position for which he was being paid as an employee. In sum, ALJ Franks' decision was supported by substantial evidence.

■ ALJ Franks' credibility findings were also sufficient. He specifically made detailed, well reasoned findings, clearly stating why he believed Maglieri's testimony was not credible. Although ALJ Franks did not make explicit findings regarding the unverified letter offered by Maglieri's father, that failure was not erroneous, as ALJ Franks was not required to evaluate evidence of insurance fraud calculated to provide disability benefits for Maglieri. *See* 42 U.S.C. § 405(u)(1)(B) ("When redetermining the entitlement ... under this subchapter, the Commissioner of Social Security shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence."). Finally, we decline to consider Maglieri's argument that ALJ Franks also erred by failing to consider evidence offered by Kathy Owen, controller of his father's businesses. An issue not preserved before the district court will not be considered on appeal. *Echazabal v. Chevron USA, Inc.,* 336 F.3d 1023, 1035 (9th Cir.2003).

AFFIRMED.